**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JACOB M. COOK,**

    **Plaintiff,**

**v.**                                                                     **Case No. 8:05-cv-1135-T-27TBM**

**PIZZA HUT OF AMERICA, INC.,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant, Pizza Hut of America, Inc.'s Motion to Compel Independent Medical Examination of Jacob Cook by Henry Hanff, MD, or, in the Alternative, Motion for Court Order for Independent Medical Examination by Henry Hanff, MD** (Doc. 45) and Memorandum in Support (Doc. 46). By its motion, Defendants seek an Order compelling Plaintiff to attend an independent medical examination conducted by orthopedic physician, Dr. Henry Hanff. Plaintiff urges the court to deny the motion, arguing that Defendant has not shown good cause for requiring Plaintiff to submit to an examination before Dr. Hanff, Plaintiff has valid objections to the examination, and Defendant's motion is untimely (Doc. 49).[1]

Rule 35 of the Federal Rules of Civil Procedure provides in pertinent part:

> When the mental or physical condition . . . of a party . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner . . . The order may be made only on motion for good cause shown . . .

---

[1] In support of his response, Plaintiff submits his affidavit and the affidavits of his attorney and his attorney's legal assistant. (Doc. 50).

Fed. R. Civ. P. 35(a).  The "in controversy" and "good cause" requirements of Rule 35(a) are not supported by mere conclusory allegations in the pleadings nor by mere relevance to the case, but rather there must be an affirmative showing that each condition as to which the examination is sought is "really and genuinely" in controversy and that good cause exists for ordering each particular examination.  Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964).

Upon consideration, Defendant's motion (Doc. 45) is **GRANTED**.  Here, by asserting physical injuries resulting from an accident in which he was struck by a motor vehicle driven by Defendant's employee, Plaintiff has placed his physical condition in controversy and provided Defendant with good cause for an examination to determine the existence and extent of his asserted injuries.  See Schlagenhauf, 379 U.S. at 116-17.  Plaintiff shall submit to examination before Dr. Hanff, at a mutually agreeable time within twenty (20) days from entry of this Order.[2]

**Done and Ordered** in Tampa, Florida, this 31st day of May 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge
Counsel of Record

---

[2] The court will not countenance any further delay in the conduct of an IME in this matter; nor will it entertain any further requests from the Defendant on the matter.  If Dr. Hanff is unable to conduct the IME as rescheduled pursuant to this Order, Defendant shall proceed without the benefit of such witness/evidence in this cause.  Within fifteen (15) days of the conduct of the IME, Defendant shall complete its expert disclosures regarding this witness.  Thereafter, the parties are directed to cooperate in the scheduling of any necessary discovery of this witness.