**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JACOB M. COOK,**

    **Plaintiff,**

v.                                                           **Case No. 8:05-cv–1135-T-27TBM**

**PIZZA HUT OF AMERICA, INC.,**

    **Defendant.**
_____/

**O R D E R**

THIS MATTER is before the court on **Defendant's Motion to Strike Plaintiff's Human Factors Expert Witness, Peter Hancock, Ph.D.** (Doc. 58). By its motion, Defendant seeks an Order, pursuant to Federal Rule of Civil Procedure 37(a), striking Peter Hancock, Ph.D., from Plaintiff's expert witness list. As grounds, Defendant claims that the expert report prepared by Dr. Hancock consists of only three sentences and therefore does not satisfy the specific requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

Although the motion may have merit, this court finds that Defendant has failed to comply with Local Rule 3.01(g), which provides in pertinent part:

> Before filing any motion in a civil case . . . the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer.

M.D. Fla. R. 3.01(g). Although Defendant's counsel alleges that he has made a good faith effort to resolve the issues disputed on this motion in accordance with Local Rule 3.01(g), his written correspondence to opposing counsel suggests otherwise. <u>See</u> (Doc. 59, attach.). The local rule contemplates that counsel will speak to one another prior to filing a motion. Had the moving party followed the procedure set forth in this rule, this court's involvement may have been unnecessary.

Accordingly, it is **ORDERED** that **Defendant's Motion to Strike Plaintiff's Human Factors Expert Witness, Peter Hancock, Ph.D.** (Doc. 58) is **DENIED without prejudice**.

**Done and Ordered** in Tampa, Florida, this 6th day June 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record